# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SPRINGFIELD DIVISION

| | |
|---|---|
| **VICTORIA SNOW**, Individually and as Class I Heir of the deceased, **E.G.**, <br><br> Plaintiff, <br><br> v <br><br> **HOWELL-OREGON ELECTRIC, INC.**, <br><br> Defendant. | Case No.: <br><br> JURY DEMAND |

**SERVE REGISTERED AGENT:**
 Dan Singletary
 6327 N Hwy 63
 West Plains MO 65776

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Victoria Snow, as a Class I Heir of the deceased, E.G., by and through her attorneys of record, Bradley L. Bradshaw, M.D., J.D. and Jenna Homeyer of Brad Bradshaw, M.D., J.D., L.C,, and for her claims and causes of action against Defendant, Howell-Oregon Electric Cooperative, Inc. (hereinafter "Howell-Oregon"), alleges and states as follows:

## PARTIES

1. Plaintiff Victoria Snow is an individual citizen and resident of the State of Florida.

2. Plaintiff Victoria Snow is the natural mother of E.G., deceased, who died on November 21, 2025, in Ozark County, Missouri.

3. Plaintiff brings this action pursuant to Missouri Revised Statutes §537.080 et. seq. for the injury to and wrongful death of her son, E.G..

4. Defendant Howell-Oregon Electric Cooperative, Inc. is a Missouri corporation registered and in good standing in the State of Missouri and may be served through its registered agent Dan Singletary.

5. Defendant Howell-Oregon is, and at all relevant times has been, in the business of generating, transmitting, supplying, and distributing electrical power to its members in Missouri, including in Ozark County, Missouri, and specifically to and across the property located at 18 County Road 166, Drury, Ozark County, Missouri.

## JURISDICTION AND VENUE

6. The preceding paragraphs of the Complaint are incorporated herein by reference.

7. The acts hereinafter mentioned giving rise to this cause of action all occurred in Ozark County, Missouri; the causes of action alleged are torts; Plaintiff's damages exceed $75,000.00; complete diversity exists; and pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction, and venue is proper in this cause.

## AGENCY

8. At all times relevant hereto, Defendant Howell-Oregon was acting by and through its agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Howell-Oregon.

## FACTS OF THE OCCURRENCE

9. The preceding paragraphs of the Complaint are incorporated herein by reference.

10. On or about November 21, 2025, E.G., age 17, was deer hunting with a friend on property located at 18 County Road 166, Ozark County, Missouri.

11. At all relevant times, Defendant Howell-Oregon owned, operated, controlled, and/or maintained electrical distribution equipment, including power lines and related electrical infrastructure, on and across the property located at 18 County Road 166, Drury, Ozark County, Missouri.

12. On or about November 21, 2025, there existed Defendant Howell-Oregon power lines running across and adjacent to the property located at 18 County Road 166, Drury, Ozark County, Missouri, in an area where individuals, including hunters, would foreseeably walk and travel.

13. On or about November 21, 2025, while E.G. and his friend were walking through the woods on said property during their deer hunting activity, they encountered a power line that was hanging at an unsafe and dangerously low height.

14. The power line was hanging at approximately head height, posing an immediate and deadly hazard to persons walking through the area.

15. E.G. came into such proximity with the low hanging power line that he was electrocuted.

17. As a direct and proximate result of Defendant Howell-Oregon's improperly maintained and dangerously low energized power line, E.G. sustained severe electrical shock and was electrocuted, resulting in his death on November 21, 2025.

## COUNT I
## NEGLIGENCE

18. The preceding paragraphs of the Complaint are incorporated herein by reference.

19. Defendant Howell-Oregon had a duty to exercise the highest degree of care in the installation, placement, inspection, operation, and maintenance of its electrical distribution equipment, including all power lines and related infrastructure, and was therefore obligated to exercise that degree of care that a very careful person would use in installing, operating, inspecting, and maintaining such electrical equipment.

20. Defendant Howell-Oregon knew or should have known, by exercising the highest degree of care, that the location and dangerously low height of the power line at 18 County Road 166, Drury, Ozark County, Missouri, created an unreasonable and substantial risk of serious harm or death to individuals, including E.G., who would foreseeably walk and travel in the area.

21. Defendant Howell-Oregon breached its duty of care and was therefore negligent in one or more of the following ways:

    a. Planning and designing the electrical distribution system such that the power lines would fail to comply with industry standards and the highest degree of care, causing a not reasonably safe condition;

    b. Installing and/or allowing the existence of power lines in a position so low to the ground as to pose a not reasonably safe condition;

    c. Failing to correctly calculate the largest final sag of the power lines;

d. Failing to properly inspect the power lines' vertical clearance from the ground;

  e. Failing to timely inspect the power lines' vertical clearance from the ground;

  f. Failing to discover the deficiency in the vertical clearance between the power lines and the ground through proper inspection;

  g. Failing to take timely corrective action to remedy the power lines hanging dangerously low;

  h. Allowing power lines to hang at head height in an area where persons would foreseeably be walking and traveling;

  i. Failing to arrange and maintain conductors and equipment in such manner as to reduce hazards to life;

  j. Failing to warn members of the public, including E.G., that the powerline heights posed a not reasonably safe condition; and

  k. In other respects which may arise through the course of discovery.

22. That in one or more of the ways immediately above, Defendant Howell-Oregon's actions or inactions were done intentionally or with a complete and reckless indifference to or conscious disregard for the safety of members of the public, including E.G..

## DAMAGES

23. Such negligence, in one or more of the respects submitted above, directly caused or directly contributed to cause the wrongful death of E.G. and resulting damages to Plaintiff Victoria Snow in one, more than one, or all of the following respects, to wit:

a. Funeral and burial expenses;

   b. Loss of services, companionship, comfort, instruction, guidance, counsel, training, and support of her son, E.G.;

   c. Mental anguish, grief, and suffering resulting from the death of her son;

   d. Loss of reasonably expected net income of E.G.; and

   e. Such other damages as may be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair, just, and reasonable, for costs and expenses, and for such other and further relief as the Court deems just and proper under the premises.

## COUNT II
## NEGLIGENCE PER SE

24. The preceding paragraphs of the Complaint are incorporated herein by reference.

25. The Missouri Department of Economic Development has promulgated 20 CSR 4240-18.010, which incorporates Parts 1, 2, and 3 of the National Electrical Safety Code (NESC). Part 2 pertains to the safety rules for overhead electric supply and communication lines, establishing standards "considered necessary for safeguarding the public."

26. Defendant Howell-Oregon violated these regulations and NESC Rule 232 by installing and maintaining power lines at an unsafe and inadequate vertical clearance from the ground in an area where persons would foreseeably be present and traveling.

27. Defendant Howell-Oregon violated NESC Rule 214, which requires inspections of its lines, by leaving these power lines in violation of Rule 232 until after E.G.'s death on November 21, 2025.

28. The Missouri Public Service Commission has promulgated 20 CSR 4240-23.020(3)(H), which states: "If the electrical corporation discovers, or should have discovered, upon inspection as required under this rule, or the electrical corporation is otherwise given notice that prudent operation of facilities would require corrective action, then it shall take such corrective action within a reasonable period of time. If harm to person or property is imminent, then corrective or remedial action shall be taken immediately, or as soon as possible."

29. Defendant Howell-Oregon was aware of or should have discovered, through proper inspection, the deficiency in the vertical clearance between the power lines and the ground.

30. Defendant Howell-Oregon should have discovered the deficiency in the vertical clearance between the power lines and the ground through proper inspection as required under applicable regulations.

31. Defendant Howell-Oregon had or should have had notice of the deficiency in the vertical clearance between the power lines and the ground.

32. The dangerously low height of the power lines, hanging at approximately head height in an area where persons would foreseeably walk and travel, made harm to E.G. and other members of the public imminent.

33. Defendant Howell-Oregon failed to take corrective action to remedy the dangerous condition and deficiency in vertical clearance prior to November 21, 2025.

34. E.G. was a member of the class of persons intended to be protected by 20 CSR 4240-18.010 and 20 CSR 4240-23.020(3)(H)—namely, the public who may come into proximity and contact with electrical equipment.

35. E.G.'s death was of the kind that 20 CSR 4240-18.010 and 20 CSR 4240-23.020(3)(H) were designed to prevent—electrical shock, electrocution, and death from proximity and contact with improperly maintained power lines.

36. Defendant Howell-Oregon's violations of 20 CSR 4240-18.010 and 20 CSR 4240-23.020(3)(H) were the direct and proximate cause of E.G.'s death.

37. That in one or more of the ways immediately above, Defendant Howell-Oregon's actions or inactions were done intentionally or with a complete and reckless indifference to or conscious disregard for the safety of members of the public, including E.G..

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair, just, and reasonable, for costs and expenses, and for such other and further relief as the Court deems just and proper under the premises.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to rule 38 of the Federal Rules of Procedure.

Respectfully submitted,

BRAD BRADSHAW, M.D., J.D., L.C.
John Q. Hammons Building

300 S. John Q. Hammons Parkway
Suite 700
Springfield, MO 65806
(417) 333-3333; FAX (417) 889-9229

By:_____
   Bradley L. Bradshaw, M.D., J.D.
Bar Number:
Iowa…….. ……………………AT0013939
Kansas…….. ………………………15801
Missouri……………….………….41683
Texas …………………………..789165
Washington………………………...56223
brad@semitrucklaw.com

By:_____
   Jenna Homeyer
Bar Number:
Missouri…………………………70130
jhomeyer@semitrucklaw.com

***ATTORNEY FOR PLAINTIFF***