# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SPRINGFIELD DIVISION

VICTORIA SNOW, Individually and )
as Class I Heir of the deceased, )
E.G., )
       )
       Plaintiff, )
v )  Case No.: 6:26-cv-03002-BCW
       )
HOWELL-OREGON ELECTRIC, INC., )
       )
       Defendant. )

## ANSWER TO COMPLAINT OF HOWELL-OREGON ELECTRIC COOPERATIVE, INC.

COMES NOW Defendant, Howell-Oregon Electric Cooperative, Inc., (hereinafter "Defendant" or "HOEC") by and through its attorneys of records, Hall Ansley, P.C., and for its Answer and Affirmative Defenses to the Complaint of Plaintiff Victoria Snow, individually and as Class I Heir of the deceases, E.G., respectfully states, alleges and avers to the Court as follows:

### PARTIES

1. Defendant admits that Plaintiff Victoria Snow is an individual, but has insufficient information to admit or deny that she is, and at all relevant times was, a citizen and resident of the State of Florida, and therefore denies the same.

2. Defendant has insufficient information to admit or deny that Plaintiff is the natural mother of the E.G., deceased, but admits that E.G. died on November 21, 2025, in Ozark County, Missouri.

1

3. The allegation contained in paragraph 3 is a legal conclusion of Plaintiff's counsel and not an allegation of fact that requires an admission or denial by HOEC. To the extent the allegation contained in paragraph 3 contains an allegation of fact, HOEC denies the same.

4. Defendant admits that it has been properly identified by name in paragraph 4, but is improperly named in the caption of the Plaintiff's Complaint. In addition, Defendant asserts that the allegation regarding service of process contained in paragraph 4 is irrelevant given that formal service of process has been waived by HOEC pursuant to a Return of Waiver of Service [Doc. 3] filed with this Court by Plaintiff on January 8, 2026.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6. Defendant restates, realleges and reavers the allegations contained in all proceeding paragraphs as though fully restated herein *in haec verba*.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

## AGENCY

8. Defendant has insufficient information upon which to admit or deny the allegations contained in paragraph 8 for the reason that no particular agent, servant or employee is identified in the Plaintiff's Complaint, and no action on behalf of a particular agent, servant and/or employee is identified and, therefore, Defendant denies the same.

## FACTS OF THE OCCURRENCE

9. Defendant restates, realleges and reavers the allegations contained in all proceeding paragraphs as though fully restated herein *in haec verba*.

2

10. Defendant has insufficient information upon which to admit or deny the allegations contained in paragraph 10 and, therefore, Defendant denies the same.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant has insufficient information upon which to admit or deny the allegations contained in paragraph 12 and, therefore, Defendant denies the same.

13. Defendant has insufficient information upon which to admit or deny the allegations contained in paragraph 13 and, therefore, Defendant denies the same.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant has insufficient information upon which to admit or deny the allegations contained in paragraph 15 and, therefore, Defendant denies the same.

16. There is no paragraph numbered 16.

17. Defendant denies the allegations contained in paragraph 17.

COUNT I - NEGLIGENCE

18. Defendant restates, realleges and reavers the allegations contained in all proceeding paragraphs as though fully restated herein *in haec verba*.

19. The allegation contained in paragraph 19 is a legal conclusion of Plaintiff's counsel and not an allegation of fact that requires an admission or denial by HOEC. To the extent the allegation contained in paragraph 19 contains an allegation of fact, HOEC denies the same.

20. The allegation contained in paragraph 20 is a legal conclusion of Plaintiff's counsel and not an allegation of fact that requires an admission or denial by HOEC. To the extent the allegation contained in paragraph 20 contains an allegation of fact, HOEC denies the same.

3

21. The allegations contained in paragraph 21 are legal conclusions of Plaintiff's counsel and are not allegations of fact that require an admission or denial by HOEC. To the extent the allegations contained in paragraph 21 contain allegations of fact, HOEC denies paragraph 21 and all subparts thereto.

22. The allegations contained in paragraph 22 are legal conclusions of Plaintiff's counsel and are not allegations of fact that require an admission or denial by HOEC. To the extent the allegations contained in paragraph 22 contain allegations of fact, HOEC denies paragraph 22 and all subparts thereto.

## DAMAGES

23. Defendant denies the allegations contained in paragraph 23 and all subparts thereto.

WHEREFORE, Defendant Howell-Oregon Electric Cooperative, Inc. prays this Court dismiss Plaintiff's action in Count I of Plaintiff's Complaint at Plaintiff's cost; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT I – NEGLIGENCE PER SE

24. Defendant restates, realleges and reavers the allegations contained in all proceeding paragraphs as though fully restated herein *in haec verba*.

25. Defendant admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

4

28. Defendant admits the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. The allegations contained in paragraph 34 are legal conclusions of Plaintiff's counsel and are not allegations of fact that require an admission or denial by HOEC. To the extent the allegations contained in paragraph 34 contain allegations of fact, HOEC denies paragraph 34 and all subparts thereto.

35. The allegations contained in paragraph 35 are legal conclusions of Plaintiff's counsel and are not allegations of fact that require an admission or denial by HOEC. To the extent the allegations contained in paragraph 35 contain allegations of fact, HOEC denies paragraph 35 and all subparts thereto.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

5

37.     The allegations contained in paragraph 37 are legal conclusions of Plaintiff's counsel and are not allegations of fact that require an admission or denial by HOEC. To the extent the allegations contained in paragraph 37 contain allegations of fact, HOEC denies paragraph 37 and all subparts thereto.

WHEREFORE, Defendant Howell-Oregon Electric Cooperative, Inc. prays this Court dismiss Plaintiff's action in Count I of Plaintiff's Complaint at Plaintiff's cost; and for such other and further relief as the Court deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

1.     For further answer and by way of affirmative defense, Defendant asserts that Plaintiff's Petition fails to state a claim for which relief can be granted.

2.     For further answer and by way of affirmative defense, Defendant asserts that any injuries or damages sustained by the Plaintiff's decedent, were caused or contributed to by Plaintiff's decedent's own fault, conduct, and/or negligence, by reason of which the Plaintiff is either not entitled to recover, or, her recovery, if any, should be reduced according to the relative percentage of fault of Plaintiff's decedent.

3.     For further answer and by way of affirmative defense, Defendant asserts that any injuries or damages sustained by the Plaintiff's decedent were caused or contributed to by the acts or omissions of one or more independent, intervening and superseding causes or events, consisting of acts and/or omission on the part of one or more persons or entities over which this Defendant had no control, and for which this Defendant is not legally responsible, which acts and omissions include those alleged in the Petition, with respect to the acts and/or omissions of Defendant.

6

4.      For further answer and by way of affirmative defense, Defendant asserts that Defendant cannot be liable to Plaintiff as a matter of law as it exercised due care and the accident was a result of an Act of God, not any failure on its part. To wit, the condition of the line at the time of the incident was produced as a result of natural forces, without intervention of man.

5.      For further answer and by way of affirmative defense, Defendant asserts that Defendant reserves the right of credit or setoff for any amounts paid to or for any settlement or settlements to the Plaintiff by, or on behalf of, any other parties or entities, settling tort-feasors, Defendants, or other non-collateral sources, arising out of the accident at issue in this case. Further, Defendant reserves the right to amend this affirmative defense by making it more definite with the specific amount of any settlements or amounts paid to the Plaintiff upon receipt of that information from the Plaintiff or any other party or entity throughout the pendency of the case.

6.      For further answer and by way of affirmative defense, Defendant asserts that Plaintiff's damages, if any, which are specifically denied, were directly and proximately caused or contributed to be caused by Plaintiff's decedent failing to follow § 319.080 R.S.Mo., which prohibited Plaintiff's decedent from operating, erecting, maintaining, or moving any materials that conduct electricity within ten feet of a high voltage overhead line.

7.      For further answer and by way of affirmative defense, Defendant asserts that Plaintiff's damages, if any, which are specifically denied were directly and proximately caused or contributed to be caused by Plaintiff's decednet intentionally contacting the line, and failing to notify Defendant of the condition of the line or of his plans to carry out any function where his activity would lead him to be within ten feet of the high voltage line.

7

8. For further answer and by way of affirmative defense, Defendant asserts that because Plaintiff's decedent intentionally placed himself within ten feet of the high voltage line and/or intentionally contacted the line, there is a rebuttable presumption of negligence on the part of Plaintiff.

9. For further answer and by way of affirmative defense, Defendant asserts that Plaintiff's damages, if any, which are specifically denied, were directly and proximately caused or contributed to be caused by the others who also failed to follow § 319.080 R.S.Mo., which prohibited people from operating, erecting, maintaining, or moving any materials that conduct electricity within ten feet of a high voltage overhead line.

10. Plaintiff's decedent voluntarily and knowingly assumed the risk of his injury, thereby precluding any recovery to Plaintiff.

11. The power line was an open and obvious condition and did not involve or present an unreasonable risk of harm to Plaintiff's decedent in the absence of Plaintiff's decedent's conduct in voluntarily placing himself or other materials that conduct electricity within close proximity to said lines.

12. Defendant reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

8

Respectfully submitted,

HALL ANSLEY, P.C.

By: */s/ Steven J. Blair*
  DEBORAH K. DODGE
  Missouri Bar No. 44478
  STEVEN J. BLAIR
  Missouri Bar No. 52706
  3275 East Ridgeview
  Springfield, Missouri  65804
  Telephone:  417/890-8700
  Facsimile:  417/890-8855
  Email:  ddodge@hallansley.com
     sblair@hallansley.com
  *ATTORNEYS FOR DEFENDANT*

9

**Certificate of Service**

The undersigned hereby certifies that on this 6th day of March, 2026, the foregoing document was filed via electronic filing using Missouri's e-filing system along with email notification of such filing to all participants in this case.

brad@semitrucklaw.com
Bradley L. Bradshaw, M.D., J.D.
jhomeyer@semitrucklaw.com
Jenna Homeyer
300 S. John Q. Hammons Parkway, Suite 700
Springfield, MO  65806
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　 */s/ Steven J. Blair*
　　　　　　　　　　　　　　　　　　　 Attorney of Record

10