# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SPRINGFIELD DIVISION

VICTORIA SNOW, Individually and )
As Class I Heir of the deceased, E.G. )
                                                       )
                Plaintiff, )
v. )            Case No.:  6:26-cv-03002-BCS
                                                       )
HOWELL-OREGON ELECTRIC, INC. )
                                                       )
                Defendant. )

## MOTION TO STRIKE OR IN THE ALTERNATIVE
## MOTION FOR MORE DEFINITE STATEMENT

### I. INTRODUCTION

Plaintiff moves to strike several affirmative defenses or, alternatively, for a more definite statement under Rules 12(f) and 12(e). Courts in this District have not settled on a uniform pleading standard for affirmative defenses.

Some apply *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), affirmative defenses must be pleaded with enough factual specificity to give the opposing party fair notice of the defense and the grounds upon which it rests. Bare legal conclusions, without supporting facts, are insufficient. *Twombly/Iqbal*, requires factual content rendering the defense plausible. *Cope v. Let's Eat Out, Inc.*, No. 6:16-cv-03050-SRB, 2017 WL 1425838, (W.D. Mo. Apr. 18, 2017). While others apply a context-sensitive fair notice standard, holding that the level of detail required varies depending on the specific defense *Jennings v. Nash*, No. 6:18-cv-03261-NKL, 2019 WL 286750 (W.D. Mo. Jan. 22, 2019).

Still others hold that bare assertions suffice so long as there is no unfair surprise. *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022); *AGI SureTrack, LLC v. Intellifarms N. Div., LLC*, No. 4:23-cv-00578-RK, 2024 WL 448793 (W.D. Mo. Jan. 12, 2024).

Under any of these standards, the challenged defenses either are not true affirmative defenses, are legally insufficient, or are so conclusory that they fail to provide fair notice. The Court should strike or require more definite statements accordingly.

## II. LEGAL STANDARD

Rule 12(f) authorizes the Court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Despite this broad discretion however, striking a party's pleadings is an extreme measure, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Given it is an extreme measure there are certain standards in which to examine a party's pleadings.

Regardless of which standard this Court applies, a defendant must at minimum give fair notice of the defense's factual and legal basis. A bare legal conclusion untethered to any facts satisfies no standard: it fails *Twombly/Iqbal* plausibility, *Jennings'* defense-specific detail expectation, and *Crutcher*'s no-unfair-surprise threshold.

The following defenses are challenged on that basis. Plaintiff seeks to strike Nos. 1 and 12 with prejudice, to strike or require repleading of Nos. 3 and 5, and to require more definite statements for Nos. 7, 8, and 10.

## III. ARGUMENT

### A. Affirmative Defense No. 1 — Failure to State a Claim Should Be Stricken

HOEC asserts that "Plaintiff's Petition fails to state a claim." This is a denial, not an affirmative defense. It asserts no matter in avoidance and is properly raised by Rule 12(b)(6) motion or answer, not as an affirmative defense. Because it is redundant and legally improper under Rule 12(f), it should be stricken. *Jennings, 2019 WL 286750,* at *4; *Cox v. Callaway*

*Cnty.*, No. 2:18-cv-04045-NKL, 2020 WL 1548065, at *3 (W.D. Mo. Mar. 31, 2020) (granting motion to strike as to failure to state a claim asserted as an affirmative defense)

**B. Affirmative Defense No. 3 — Superseding/Intervening Cause Should Be Stricken or Made More Definite**

HOEC asserts that unnamed "persons or entities" were superseding/intervening causes of Decedent's death. No third party is identified, no act is described, and no causal chain is pleaded. This omission creates unfair surprise and impedes targeted discovery. Even under the most permissive standard, a defense that identifies no party, act, or causal mechanism provides no notice whatsoever. Plaintiff asks the Court to strike, or require HOEC to identify the specific third parties and conduct allegedly breaking the causal chain. See *Cope,* No. 6:16-cv-03050-SRB, 2017 WL 1425838, (W.D. Mo. Apr. 18, 2017); *AGI SureTrack, No.* 4:23-cv-00578-RK, 2024 WL 448793, (W.D. Mo. Jan. 12, 2024).

**C. Affirmative Defense No. 5 — Right of Credit or Setoff Should Be Stricken or Made More Definite**

HOEC asserts a right of credit or setoff based on settlements by unidentified "parties or entities," with no amounts stated and a blanket reservation to fill in details later. No settlement, payor, payee, basis, or amount is identified. Leaving all particulars open and reserving rights indefinitely creates unfair surprise and prevents focused discovery. Plaintiff asks the Court to strike, or require HOEC to identify the settling parties, the legal basis, and known or estimated amounts within a defined period. *See Crutcher*, 22 F.4th 756, 765–66 (8th Cir. 2022); *AGI SureTrack,* No. 4:23-cv-00578-RK, 2024 WL 448793, (W.D. Mo. Jan. 12, 2024).

**D. Affirmative Defense No. 7 — "Intentional Contact" Should Be Made More Definite**

HOEC asserts that Decedent "intentionally contact[ed] the line." The defense pleads no circumstances, conduct, or facts rendering intentional, as opposed to accidental, contact plausible. Because intent is central and fact-specific, its absence risks unfair surprise on liability apportionment and causation theories. Plaintiff asks the Court to order HOEC to plead the specific facts supporting this allegation. *See Cope, N*o. 6:16-cv-03050-SRB, 2017 WL 1425838, (W.D. Mo. Apr. 18, 2017).

**E. Affirmative Defense No. 8 — Rebuttable Presumption of Negligence Should Be Stricken or Made More Definite**

HOEC asserts a "rebuttable presumption of negligence" based on alleged intentional placement within ten feet of the line, citing no legal authority. This defense suffers two independent deficiencies: (1) it identifies no statute, regulation, or common-law rule creating the presumption; and (2) it rests entirely on the unpled factual premise of intent addressed in Defense No. 7. Plaintiff asks the Court to strike, or require HOEC to identify the governing authority and allege the underlying facts. See Cope, No. 6:16-cv-03050-SRB, 2017 WL 1425838,  (W.D. Mo. Apr. 18, 2017).

**F. Affirmative Defense No. 10 — Assumption of the Risk Should Be Made More Definite**

HOEC asserts that Decedent "voluntarily and knowingly assumed the risk of his injury." No facts are pleaded showing what specific risk Decedent knew of, how he came to know it, or what voluntary conduct constituted assumption. This defense is inherently fact-intensive, the conclusory recitation risks unfair surprise in discovery and trial. Plaintiff asks the Court to order HOEC to plead the circumstances, knowledge, and voluntariness alleged with specificity. *See Crutcher,* 22 F.4th 756, 765–66 (8th Cir. 2022); *Jennings,* 2019 WL 286750, at *4;

**G. Affirmative Defense No. 12 — Reservation of Right to Assert Additional Defenses**

**Should Be Stricken**

HOEC reserves the right to assert additional affirmative defenses "as they become known." This is not a defense. It asserts no avoidance, no facts, and no legal theory. It duplicates the leave-to-amend mechanism of Rule 15 and adds nothing of substance. It should be stricken with prejudice and any later-discovered defenses may be pursued by leave of court under Rule 15. *See Jennings, 2019 WL 286750, at* \*4;

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) strike Affirmative Defenses Nos. 1 and 12 with prejudice; (2) strike or require repleading of Nos. 3 and 5; (3) order more definite statements for Nos. 7, 8, and 10; and (4) grant such further relief as the Court deems just and proper.

BRAD BRADSHAW, M.D., J.D., L.C.
John Q. Hammons Building
300 S. John Q. Hammons Parkway
Suite 700
Springfield, MO 65806
(417) 333-3333; FAX (417) 889-9229

By: _____
    Bradley L. Bradshaw, M.D., J.D.
Bar Number:
Iowa…….. ……………………AT0013939
Kansas…….. ………………………15801
Missouri…………………….……….41683
Texas …………………………..789165
Washington………………………...56223
brad@semitrucklaw.com

By: _____
    Jenna Homeyer
Bar Number:
Missouri…………………………….70130
jhomeyer@semitrucklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

By: _____
Bradley L. Bradshaw, M.D., J.D.