**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VICTORIA SNOW, *individually and as heir for deceased, E.G.*, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:26-CV-03002-BCW |
| v. | ) ) | |
| HOWELL-OREGON ELECTRIC, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's motion to strike. (Doc. #9). The Court, being duly advised of the premises, denies said motion as untimely.

On January 7, 2026, Plaintiff Victoria Snow, individually and as a Class I Heir of deceased E.G., filed this action against Defendant Howell-Oregon Electric, LLC alleging negligence and negligence per se under Missouri law. (Doc. #1). On March 6, 2026, Defendant timely filed its answer to Plaintiff's complaint. (Doc. #6). On April 6, 2026, Plaintiff filed a motion to strike affirmative defenses from Defendant's answer, or, alternatively, for a more definite statement under Federal Rules of Civil Procedure 12(f) and 12(e). (Doc. #9). Defendant did not file opposing suggestions and the deadline to so has passed. Plaintiff's motion is therefore unopposed.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). A district court has liberal discretion under Rule 12(f). Stanbury L. Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). However, "striking a party's pleadings is an extreme measure," and the Eighth Circuit has stated that "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Id. Also, "a district

1

court has discretion to deny an untimely motion." <u>United States v. King</u>, 854 F.3d 433, 443 (8th Cir. 2017); <u>see also</u> <u>Ashokkumar v. Elbaum</u>, No. 4:12CV3067, 2012 WL 4508123, at *1 (D. Neb. Sept. 28, 2012) ("Rule 12(f)(1) allows a court, in its discretion, to consider a motion to strike even if it was filed beyond the deadline set by Rule 12(f)(2).").

Here, the Court declines to consider the merits of Plaintiff's motion and denies it as untimely. Plaintiff filed her motion to strike 31 days after being served with Defendant's answer, beyond the 21-day deadline prescribed by Rule 12(f). Plaintiff did not request an extension of time to file, nor does anything in her motion demonstrate good cause for the delay. Moreover, were the Court to consider the merits, nothing in Plaintiff's motion indicates she will be prejudiced by any of the affirmative defenses she asks the Court to strike. <u>See</u> <u>CitiMortgage, Inc. v. Just Mortg., Inc.</u>, No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) ("[T]he court perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in defendants' pleadings.").

Since Plaintiff's motion to strike is untimely, there is no showing of prejudice, and such motions are viewed with disfavor in this circuit, the motion is denied. <u>See</u> <u>Oliverires v. Nationwide Ins. Co. of Am.</u>, No. 4:18-CV-2139-SPM, 2019 WL 1469673, at *2 (E.D. Mo. Apr. 3, 2019) (denying an untimely motion to strike where "Plaintiffs have not set forth any basis for a finding that they will be prejudiced by any of the defenses at issue remaining in the pleadings or that the inclusion of the defenses in the pleadings will confuse the issues."). Accordingly, it is hereby

ORDERED Plaintiff's motion to strike (Doc. #9) is DENIED.

IT IS SO ORDERED.

Dated: <u>June 2, 2026</u>                    /s/ Brian C. Wimes
                                        BRIAN C. WIMES, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT