**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

VICTORIA SNOW, Individually and )
as Class I Heir of the deceased, )
E.G., )
 )
        Plaintiff, )
 )
v. )    Case No. 6:26-cv-03002-BCW
 )
HOWELL-OREGON ELECTRIC, INC., )
 )
        Defendant. )

## JOINT MOTION TO AMEND SCHEDULING ORDER
## AND SUGGESTIONS IN SUPPORT

Plaintiff Victoria Snow and Defendant Howell-Oregon Electric, Inc., jointly move under

Fed. R. Civ. P. 16(b)(4) and Local Rule 16.3 to amend the expert-disclosure deadlines in the

Scheduling and Jury Trial Order entered April 15, 2026 (Doc. 14). The parties do not seek to

move the trial date, the final pretrial conference, the dispositive motion deadline, or the

discovery closure date. In support, the parties state:

## BACKGROUND

1.      This is a wrongful death action. Plaintiff alleges that on November 21, 2025, her

seventeen-year-old son, E.G., was deer hunting on property at 18 County Road 166 in Drury,

Ozark County, Missouri, when he came into contact with a Defendant-owned distribution line

and was electrocuted. Plaintiff sues individually and as a Class I heir under Mo. Rev. Stat. §

537.080, pleading common-law negligence and negligence per se.

2.      The Court entered its Scheduling and Jury Trial Order on April 15, 2026 (Doc.

14). That Order set plaintiff's expert designations for August 3, 2026, defendant's expert

designations for September 3, 2026, and rebuttal designations for October 5, 2026. Discovery closes February 28, 2027; dispositive and Daubert motions are due March 26, 2027; the final pretrial conference is set for July 20, 2027; and trial is set for August 23, 2027.

3. Both parties seek to amend the scheduling order as follows: Plaintiff expert disclosures on November 1, 2026, Plaintiff produces their experts for deposition by December 15, 2026, Defendant expert disclosures on January 4, 2027, and Defendant produces their experts for deposition by February 15, 2027.

4. This is the parties' first request to amend any deadline in the Scheduling Order. No prior extension of any deadline has been sought or granted.

5. Counsel for both parties have conferred and jointly agree to the amended schedule set out below. Neither party opposes this Motion.

## **GROUNDS FOR THE REQUESTED AMENDMENT**

6. Good cause supports the requested amendment. Plaintiff's liability opinions in this case are engineering opinions. Plaintiff served written discovery on August 3, 2026, seeking documents Plaintiff believes relevant for engineering analysis. Defendant is still within time to produce documents responsive to those requests . Plaintiff's retained electrical engineer has advised that he cannot render opinions to a reasonable degree of engineering certainty, or sign a report under Fed. R. Civ. P. 26(a)(2)(B), until that material is produced and reviewed. Plaintiff needs time to review these answers to properly identify her experts.

7. The amendment will not delay the resolution of this case. Under Local Rule 16.3(a)(2), a party seeking to extend the deadline for completion of all discovery must

2

specifically describe and schedule the remaining discovery. That requirement is not triggered here, because the parties do not ask the Court to move the February 28, 2027, discovery closure date. Every proposed expert deadline falls on or before that date. The trial setting of August 23, 2027 is nearly six months after the close of discovery, so the requested amendment consumes none of the time the Court reserved for dispositive briefing or trial preparation. The dispositive motion and Daubert deadlines, the final pretrial conference, and the trial setting are likewise unaffected.

## STATEMENT UNDER PARAGRAPH 11 OF THE SCHEDULING ORDER

8.      The deadlines sought to be extended were first due August 3, 2026 (plaintiff's designations), September 3, 2026 (defendant's designations), and October 5, 2026 (rebuttal designations).

9.      There have been no previous extensions of these deadlines, and accordingly no prior extension is outstanding or expiring.

10.      The cause for the requested extension is set out in paragraphs 5 and 6 above.

11.      This Motion is filed jointly. Both parties consent to the relief requested.

## CONCLUSION

For these reasons, the parties respectfully request that the Court grant this Joint Motion, enter the proposed Amended Scheduling and Jury Trial Order submitted to the Courtroom Deputy, find that Plaintiff's August 3, 2026 designations were timely and that signed Rule

3

26(a)(2)(B) reports served on or before November 1, 2026 are timely served, and grant such further relief as the Court deems just.

Respectfully submitted,

BRAD BRADSHAW, M.D., J.D., L.C.
John Q. Hammons Building
300 S. John Q. Hammons Parkway, Suite 700
Springfield, MO 65806
(417) 333-3333; FAX (417) 889-9229

By: */s/ Bradley L. Bradshaw*
Bradley L. Bradshaw, M.D., J.D.
Missouri Bar No. 41683
brad@semitrucklaw.com
Jenna Homeyer, Missouri Bar No. 70130
jhomeyer@semitrucklaw.com
***ATTORNEYS FOR PLAINTIFF***


HALL ANSLEY, P.C.

By: */s/ Steven Blair*
DEBORAH K. DODGE, Missouri Bar No. 44478
STEVEN J. BLAIR, Missouri Bar No. 52706
3275 East Ridgeview
Springfield, Missouri 65804
Telephone: (417) 890-8700 / Fax: (417) 890-8855
ddodge@hallansley.com
sblair@hallansley.com
***ATTORNEYS FOR DEFENDANT***


## CERTIFICATE OF SERVICE

I certify that on 13th day of August, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ Bradley L. Bradshaw*
Bradley L. Bradshaw, M.D., J.D.

4